JACKSON COUNTY, *Appellant*, v. ARNOLD *et al.*,
*Election Commissioners.*

### Division Two, June 30, 1896.

1. **Elections**: JUDICIAL NOTICE. The court will take judicial notice of the time an election for president is to be held.

2. ———: CITIES OF OVER ONE HUNDRED THOUSAND INHABITANTS: REGISTRATION OF VOTERS. Under act of the legislature approved May 31, 1895 (Laws, p. 5, extra session), and regulating elections in cities having over one hundred thousand inhabitants, the general registration must be made in every year in which a president of the United States is elected and prior thereto without regard to the fact that a registration was made for the general city election in the spring of the same year.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*L. H. Waters* and *R. H. Field* for appellant.

*Laughlin & Davis* for respondents.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of Jackson county denying an injunction against the election commissioners to prevent them from making a general registration this year for the general presidential election to be held in November next. This court takes judicial notice that an election for president of the United States is to be held at the general election for state and county officers on the first Tuesday in November next.

The county court of Jackson county insists that inasmuch as there was a registration in Kansas City for the municipal election in that city this last spring, there is no law for another registration this year, but that recourse must be had to the supplemental registration provided in the statute. Whereas the election commissioners hold that as there is to be a presidential election this year they are required to make another general registration this fall.

The only provisions of the election law to be construed are as follows:

"Sec. 5. *General registration of voters provided for.* After the first organization of such board of commissioners, it shall prepare for a new and general registration of voters for the next general city election, or general state or county election, as the case may be; and when made, such registry shall be continued and revised in the manner hereinafter provided."

"Sec. 21. *When registration of voters shall be made —how conducted.*—Such board of registry and the election clerks shall first meet in the precinct on Tuesday, four weeks preceding the first general city election, or the first general state or county election, which may

occur after the first appointment of such board of election commissioners, at the place designated by such board of commissioners, and they shall then proceed to make a general registration of all voters in such precinct. *A new general registration shall be made by the board of registry in every year thereafter in which a presidential election occurs*, and just prior thereto—the first day of such registration being on Tuesday, four weeks before such election, and the second day of registration being on the Saturday following; and the third day, Tuesday, three weeks before such election."

Judge Slover denied the injunction. He held that it was the obvious purpose of the legislature to provide for a general registration in every presidential year.

We fully concur in the construction given this statute by the learned judge. Indeed, but for the use of the word "thereafter" in section 21, in the last sentence of the said section, no possible doubt could exist as to the intention of the general assembly. It is apparent that the legislature intended there should be a general registration in a presidential year. It is equally apparent that if we adopt the construction of the county court there can not be a general election before the presidential year 1900. This necessarily results from the effect given the one word "thereafter" by the county court. According to their reading "thereafter" refers to the first general city election held under this statute for its predicate and a general registration can only occur *in a year*, "thereafter," different from the year in which said city election is held. The word is awkwardly situated in the sentence but by transposing it and placing it as we think the whole context implies it should be, as the modifier of the verb

"shall be made," all doubt disappears and the section would read, "A new general registration shall thereafter be made by the board of registry in every year in which a presidential election occurs and just prior thereto."

Construing the whole statute and every part of it together we have no doubt that the purpose was to have a general registration in every presidential year, and that the construction of the county court subordinates the principal and most important election to the charter election which, though of great moment, must be deemed of less significance than the general presidential election.

It follows that the circuit court committed no error in refusing the injunction sought and its judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.